IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BITUMINOUS CASUALTY CORPORATION, | ) ) ) | 4:06CV3128 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| AARON FERER AND SONS COMPANY and UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

The plaintiff, Bituminous Casualty Corporation ("Bituminous"), seeks a declaratory judgment that it has no obligation to defend or indemnify the defendant Aaron Ferer and Sons Company ("Aaron Ferer") with respect to the Omaha Lead Superfund Site. Bituminous alleges in its complaint that:

      9. Bituminous issued to Aaron Ferer four primary liability policies (hereinafter the "Bituminous Policies"). Full and complete copies of the Bituminous Policies are attached hereto as group Exhibit A.

      10. Each of the Bituminous Policies contains a pollution exclusion, which excludes insurance coverage for pollution claims. Each Bituminous Policy also requires that a "suit" be filed against the insured before any duty to defend arises under the Policies, only provides coverage for "damages" (not CERCLA response costs or equitable relief), and requires timely notice to Bituminous as a precondition to any coverage under the Policies, among other things. See Exh. A).

      11. The [United States Environmental Protection Agency] issued a general notice letter to Aaron Ferer on June 6, 2002, and the USEPA

met with representatives of Aaron Ferer on June 17, 2002, in connection with the Omaha Lead Superfund Site. At that time (June 2002), USEPA notified Aaron Ferer of its status as a potentially responsible party under CERCLA at the Omaha Lead Superfund Site.

12. On or about December 16, 2004, the USEPA issued a "Special Notice Letter" to Aaron Ferer with respect to the Omaha Lead Superfund Site. (See Ex. B).

13. By letter dated March 27, 2006, almost four years after USEPA issued its general notice letter, Aaron Ferer, through its counsel, provided Bituminous with first notice concerning the Omaha Lead Superfund Site. In that letter Aaron Ferer also demanded that Bituminous provide a defense and indemnification with respect to the USEPA letters concerning the Omaha Lead Superfund Site. Aaron Ferer also expressed a concern that Union Pacific will seek contribution from Aaron Ferer with respect to the Omaha Lead Superfund Site. (See Ex. C).[1]

---

[1] Exhibit C is a copy of the March 27, 2006 demand letter. Regarding Union Pacific, it states:

> [The United States Environmental Protection Agency ("EPA")] has also issued a Unilateral Administrative Order ("UAO") to Union Pacific, another [Potentially Responsible Party] at the [Omaha Lead Site ("OLS")], compelling that company to implement the remedy for the OLS identified in the Interim [Record of Decision]. By letter dated January 3, 2006, Union Pacific has "partially refused" to comply with the UAO. The letter is attached hereto as Exhibit G. Obviously, we cannot predict what response the EPA will take to Union Pacific's refusal. However, based upon numerous statements contained in Union Pacific's response to the UAO, it is clear that if EPA decides to bring a cost recovery action against Union Pacific, Union Pacific will seek contribution from Aaron Ferer.
>   . . .
> We encourage an expedient and favorable response to our request for defense, reimbursement and indemnification in this matter, as time is of the essence. A settlement with EPA before commencement of

2

The defendant Union Pacific Railroad Company ("UP") has filed a motion to dismiss. (Filing 40.) UP contends that any issue of insurance coverage for a potential contribution claim by UP against Aaron Ferer is not ripe for decision, and that while there is a presently justiciable issue of whether Bituminous has a duty to defend Aaron Ferer in response to the USEPA's notifications, UP is not a necessary party to that issue. I agree with both of these contentions.

> The ripeness doctrine applies to declaratory judgment actions. A declaratory judgment action can be sustained if no injury has yet occurred. Before a claim is ripe for adjudication, however, the plaintiff must face an injury that is "certainly impending." Whether the factual basis of a declaratory judgment action is hypothetical–or more aptly, too hypothetical–for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree.

<u>Public Water Supply Dist. No. 8 of Clay Count v. City of Kearney</u>, 401 F.3d 930, 932 (8th Cir. 2005) (internal citations omitted).

---

> litigation by EPA against Union Pacific would be the most cost efficient resolution of this matter, as it would resolve any claims against Aaron Ferer by the EPA, and foreclose any potential contribution actions against our company by Union Pacific or any other PRPs, for contamination at the OLS.

(Filing 1, Ex. C, pp. 3-4.)

The January 3, 2006 Union Pacific letter referenced the first paragraph quoted above is not attached to the complaint. The discussion in the second paragraph quoted above presumably concerns a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") that states: "A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement." 42 U.S.C.A. § 9613(f)(2).

A contribution claim by UP against Aaron Ferer is not "certainly impending." Indeed, it does not even appear that a cost recovery action by the USEPA against UP is "certainly impending." This court does not have jurisdiction to decide whether Bituminous would have an obligation to indemnify Aaron Ferer with respect to this too speculative contribution claim. See Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050-51 (8th Cir.1996) (the mere possibility of a potentially responsible party being named as a defendant in a cost recovery action does not constitute an actual controversy; declaratory judgment action brought by dump site owner against prior owners regarding right to indemnification was not ripe when government had only threatened suit). Thus, Bituminous's claim for declaratory relief concerning a potential contribution claim by UP against Aaron Ferer will be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Although UP possibly could be a proper party defendant in a declaratory judgment action to determine the existence of insurance coverage for a pending or "certainly impending" contribution claim brought by UP against Aaron Ferer, and might even be considered a necessary party to such an action, the same is not true with respect to an action to determine the existence of a duty to defend Aaron Ferer against the USEPA's claims. UP has no interest in such an action.

Bituminous, of course, also seeks a declaration that its policies do not cover pollution claims, and that other exclusions and defenses also apply so as to defeat coverage for any claims made against Aaron Ferer by the USEPA. UP, relying primarily upon the Gopher Oil decision, argues that a declaratory judgment action to determine these coverage issues would not be ripe until Aaron Ferer incurs response costs or the USEPA files a cost recovery action. However, the Gopher Oil case did not involve a question of insurance coverage.

In the present case, a demand has been made upon Bituminous "to defend and indemnify Aaron Ferer for any losses that it might suffer because of claims made by EPA in the [Special Notice Letter]." (Complaint Exhibit C, p. 1.) Bituminous has

4

denied coverage. "The lines are drawn, the parties are at odds, the dispute is real." Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir.1992) (stating that it is "most common" for insurers who deny that coverage exists under their policies for liabilities of their insureds that are contingent or unadjudicated to bring actions for declaratory judgments that they will have no duty to indemnify). In fact, the Court of Appeals specifically held in Aetna Cas. and Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 711 (8th Cir. 1992) that the district court had erred in finding that a declaratory judgment action to determine insurance coverage for hazardous waste clean-up costs was not ripe with respect to four sites where the USEPA had served the insured with notice of its potential liability but had not filed suit. Since the insured "had made a clear demand for payment of defense and indemnity costs with respect to each of the four sites and because [the insurer] disputed those demands, there [was] a live justiciable controversy between the parties sufficient to invoke the jurisdiction of the district court." Id. The Aetna decision is controlling.

Significantly, UP has not put forth an argument that it should be dismissed from the action if the court does have jurisdiction to determine whether Bituminous has an obligation to indemnify (as opposed to defend) Aaron Ferer against claims made by the USEPA. Thus, I do not consider whether UP is a necessary party to this portion of the case. It follows that UP's request to be dropped as a party defendant pursuant to Federal Rule of Civil Procedure 21 will be denied.[2] I will only dismiss the claim regarding coverage for a potential contribution action by UP.

Two other motions are pending: (1) On December 4, 2006, Bituminous filed a motion for summary judgment.[3] (2) On December 14, 2006, Aaron Ferer, pursuant

---

[2] While I have accepted UP's argument that it has no interest in determining whether Bituminous has a duty to defend Aaron Ferer against the USEPA's claims, "a defendant need not be interested in . . . defending against all the relief demanded." Fed. R. Civ. P. 20(a).

[3] Bituminous's motion is based solely on the policies' pollution exclusion.

5

to Federal Rule of Civil Procedure 56(f), filed a motion for a 120-day continuance to respond. Aaron Ferer also simultaneously filed a motion to stay proceedings pending disposition of the Rule 56(f) motion. I granted the motion to stay on December 27, 2006, by ordering that the deadline for Aaron Ferer to respond to the summary judgment motion was continued until further order of the court.

The motion for a continuance has now been fully briefed, and affidavits have been filed by Aaron Ferer and Bituminous. Since the motion was filed Aaron Ferer was also granted leave to file an amended answer to raise affirmative defenses of waiver and estoppel, which may be pertinent to the summary judgment motion. Today, I have ruled that UP will remain a party defendant; with this knowledge, UP may also wish to respond to the summary judgment motion.

Upon review of the evidence presented, and careful consideration of the briefs, I conclude that the motion for continuance should be granted. Simply stated, Aaron Ferer has demonstrated that it needs more time to conduct discovery.[4]

IT IS ORDERED that:

1. Defendant Union Pacific Railroad Company's motion to dismiss (filing 40) is granted in part and denied in part, as follows:

    a. Insofar as Plaintiff's complaint includes a claim for declaratory relief regarding a potential claim by UP against Aaron Ferer, such claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

---

[4] Discovery could not commence until November 2, 2006 (see filings 31, 32, 36, 37), and initial disclosures were not made by Bituminous and Aaron Ferer until November 13, 2006 (see filings 38, 39). I express no opinion whether Aaron Ferer is entitled to conduct discovery on the specific topics that are mentioned in its briefs.

    b.    In all other respects, the motion is denied.

2.    Defendant Aaron Ferer and Sons Company's motion for a continuance (filing 48) is granted, as follows:

    a.    Both Defendants shall have until April 13, 2007,[5] to respond to Plaintiff's motion for summary judgment (filing 42).

    b.    Plaintiff shall have until April 27, 2007, to reply.

February 14, 2007.        BY THE COURT:

                s/ *Richard G. Kopf*
                United States District Judge

---

[5] Calculated as 120 days from December 14, 2006.