IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BITUMINOUS CASUALTY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 4:06CV3128 |
| v. | ) ) | |
| AARON FERER AND SONS COMPANY and UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

    Defendant Aaron Ferer and Sons Company ("AFS") has filed a motion to compel response to a request for production of documents served on its co-defendant, Union Pacific Railroad Company ("UP") on January 26, 2007. UP responded on February 27, 2007 objecting to the request. Subsequent discussions between counsel for the parties, although compromising somewhat by AFS restricting its request, have not resolved their dispute, and AFS seeks an order compelling production of the requested documents.

    The request for production and UP's response are as follows:

    **REQUEST NO. 1**: A copy of any and all agreements between Union Pacific Railroad Company and Aaron Ferer & Sons Company including, but not limited to, all siding or sidetrack agreements, easement agreements, right-of-way agreements, or other track agreements, as well as any other agreement of any kind executed between Union Pacific Railroad Company and Aaron Ferer & Sons Company.

    **RESPONSE**: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, this Request is vague and ambiguous in that it does not describe the term "agreements" and therefore Union Pacific cannot determine

>    what documents may be sought by the Request.  Further, the
>    Request is overly broad because it is not limited in scope
>    to the subject matter of the above captioned litigation, the
>    property or timeframe involved herein.  Moreover, this
>    Request is unduly burdensome inasmuch as it purports to ask
>    for any "agreements" between Aaron Ferer & Sons company and
>    Union Pacific Railroad Company that have ever existed
>    without limitation.  Accordingly, the Request seeks
>    documents that would not be relevant, or likely to lead to
>    admissible evidence, in the above captioned litigation.

Filing 90, Exhibit 1.

Discussions between counsel resulted in AFS narrowing its request to sidetrack agreements and track agreements.  Filing 90, Exhibit 2.  Nevertheless, UP refuses to produce such documents, arguing that they are vague, ambiguous, overly broad, and irrelevant and that producing them would be an unjustified burden of time and expense.  Filing 101.[1]  AFS argues that such agreements, whatever track area or date they may cover, may lead it to discover other insurers possibly liable to defend and/or indemnify AFS against any CERCLA action brought against it.  Filing 90.  AFS further argues that the fact that UP has produced one such agreement dated 1926 is evidence that its request is not vague, ambiguous, or overly broad.

The burden is on a requesting party to demonstrate the relevance of its discovery requests.  The limits of discovery were narrowed by the 2000 amendments to the Federal Rules of Civil Procedure.  Instead of casting the boundaries of relevance

---

[1] UP has not forcefully argued nor shown by evidence that AFS should have all of these policies itself, and for that reason would be unduly burdensome for UP to be required to search them out.  See, Fed. R. Civ. P. 26(b)(2)(iii).  AFS's Counterclaim alleges that its "insurance policy records are incomplete...."  Filing 76, Amended Answer and Counterclaim, Counterclaim Paragraph 3.

at "any matter relevant to the subject matter involved in the action," as did the former provision, the rule now limits discovery to "any matter, not privileged, that is relevant to he claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Advisory Committee Comments to 2000 Amendments.  Although AFS quotes the appropriate test, it cites to cases decided under the former, broader definition of relevance.

    UP argues appropriately that AFS's request seeks documents not relevant to the issues in this case, that is, whether plaintiff has an obligation to defend and/or indemnify AFS in any action or claim brought against it arising from the "Omaha Lead Superfund Site," and if so, the parameters of that obligation. Complaint, Filing 1; Amended Answer and Counterclaim, Filing 76.

    In response, AFS does not point to any particular allegation or pleading raising issues concerning other possible coverages. It instead refers only to Fed. R. Civ. P. 26(a)(1)'s requirements for parties to disclose, without being requested to do so, "...any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  However, there is no indication that such a requirement applies to this case, as it is an action for a declaratory judgment.  If plaintiff prevails, it need not defend or indemnify AFS under the terms of the subject policy(ies) only; if AFS prevails, it will. I fail to see how "track" and "sidetrack" agreements between AFS and UP can influence the pleaded claims or defenses.  The

requests are therefore not within the definition of relevance in Rule 26(b)(1).[2]

      IT THEREFORE HEREBY IS ORDERED,

      The motion to compel, filing 89, is denied.

      DATED this 11th day of April, 2007.

                             BY THE COURT:

                             s/ *David L. Piester*
                             David L. Piester
                             United States Magistrate Judge

---

[2] Having decided the relevance issue, I need not address the arguments raised by UP. However, it should be noted that UP has failed to file any evidence demonstrating its position. If the request had been found relevant, UP's arguments, unsupported by evidence, would have failed to carry its burden of demonstrating undue burden.