IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BITUMINOUS CASUALTY CORPORATION, | ) ) ) | 4:06CV3128 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| AARON FERER AND SONS COMPANY and UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

    This matter is before the court on a statement of appeal filed by the defendant Aaron Ferer and Sons Company ("Aaron Ferer"). At issue is an order that Magistrate Judge Piester entered on April 11, 2007, denying Aaron Ferer's motion to compel discovery from the defendant Union Pacific Railroad Company ("Union Pacific"). Because I find after careful review that the order is not "clearly erroneous or contrary to law," see 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2(c), the appeal will be denied. I will also deny Aaron Ferer's renewed motion for an enlargement of time to respond to the plaintiff's motion for summary judgment.

    Aaron Ferer has failed to show that its request for production from Union Pacific concerns documents that are "relevant to the claim or defense of any party." See Fed. R. Civ. P. 26(b)(1). This is a declaratory judgment action to determine whether the plaintiff, Bituminous Casualty Corporation ("Bituminous"), has a duty under four primary liability policies to defend or indemnify Aaron Ferer with respect to notices served by the United States Environmental Protection Agency ("EPA") in connection with the Omaha Lead Superfund Site. Union Pacific was named as a party defendant because it has also received notices from the EPA and may seek contribution from Aaron Ferer. Aaron Ferer has requested Union Pacific to produce

copies of all track agreements and sidetrack agreements that were ever executed between Union Pacific and Aaron Ferer, and, in support of its motion to compel such discovery, has offered speculation, but no evidence, that these agreements may identify policies of insurance that were in effect at the time. Aaron Ferer hopes that such information will lead to the discovery of additional insurance policies that were issued to it either by Bituminous or by other insurance carriers.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y.1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Aaron Ferer failed to make the required threshold showing that the Union Pacific track agreements and sidetrack agreements are relevant to any issue in this case regarding insurance coverage provided to Aaron Ferer by Bituminous.

Accordingly,

IT IS ORDERED that:

1. Defendant Aaron Ferer's statement of appeal (filing 111) is denied.

2. The Magistrate Judge's order entered on April 11, 2007 (filing 110), is sustained and shall not be disturbed.

3. Defendant Aaron Ferer's renewed motion for an enlargement of time (filing 113) is denied. Pursuant to the court's previous order (filing 109), the defendants shall have ten (10) days from today's date to respond to the plaintiff's motion for summary judgment (filing 42).

April 19, 2007.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge