IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BITUMINOUS CASUALTY CORPORATION, | ) ) ) | 4:06CV3128 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| AARON FERER AND SONS COMPANY and UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

Bituminous Casualty Corporation ("Bituminous") has moved for summary judgment on the limited issue of whether a pollution exclusion contained in liability insurance policies that it issued to Aaron Ferer and Sons Company ("Aaron Ferer") relieve Bituminous of any duty to defend or indemnify Aaron Ferer with respect to the Omaha Lead Superfund Site. The material facts are not in dispute:

1. Plaintiff Bituminous is an Illinois corporation with its principal place of business located in Illinois.

2. Defendant Aaron Ferer is a Nebraska corporation with its principal place of business in Nebraska.

3. Defendant [Union Pacific Railroad Company ("Union Pacific")] is a Nebraska corporation with its principal place of business in Nebraska.[1]

---

[1] Union Pacific has been named as a defendant pursuant to Federal Rule of Civil Procedure 19. It is alleged that Aaron Ferer, in a demand letter to Bituminous, "expressed a concern that Union Pacific will seek contribution from Aaron Ferer with respect to the Omaha Lead Superfund Site." (Complaint (filing 1) ¶ 13.)

4. The amount in controversy between Bituminous and each defendant exceeds $75,000 exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because a substantial part of the events giving rise to this dispute occurred within this District.

6. On or about December 16, 2004, the [United States Evironmental Protection Agency ("USEPA")] issued a "Special Notice Letter" to Aaron Ferer with respect to the Omaha Lead Superfund Site.

7. The Omaha Lead Superfund Site concerns the releases of hazardous substances at the Site, causing contamination of soils in the area.

8. Along with its December 16, 2004 Special Notice Letter to Aaron Ferer, the USEPA supplied Aaron Ferer with the Omaha Lead Site Interim Record of Decision, which describes the Site at issue in this case as follows:

> ASSESSMENT OF THE SITE
>
> Actual or threatened releases of hazardous substances from this site, if not addressed by implementing the response actions selected in this interim Record of Decision (ROD), present a current threat to public health, welfare, or the environment. The site contains lead contamination in various environmental media resulting from historic lead smelting and refining operations.

9. The USEPA's Interim Record of Decision also states as follows:

> The Omaha Lead Site . . . includes contaminated surface soils present at residential properties, child-care facilities, and other residential-type properties in the City of Omaha, Nebraska, that have been contaminated as a result of historic air emissions from lead smelting/refining operations.

> \* \* \*
> Aaron-Ferer & Sons opened and operated a secondary lead smelter and lead battery recycling plant from the early 1950s until 1963. In 1963, the facility was purchased by Gould, who operated the facility until it closed in 1982.

10. Bituminous issued four primary liability policies (hereinafter the "Bituminous Policies") to Aaron Ferer, certified copies of which are attached to the Complaint filed in this action as Exhibit A.

11. Each of the Bituminous Policies contains a pollution exclusion which states as follows:

> **Exclusions**
> This insurance does not apply:
> \* \* \*
> (f) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

12. The Bituminous Policies were issued to the insured who was located in Omaha, Nebraska, were issued by the branch office/general agent in Omaha, Nebraska, were countersigned in Omaha, Nebraska, and note the Bituminous claim office was located in Omaha, Nebraska.

(Plaintiff's brief in support of motion for summary judgment (filing 43), pp. 2-5 (bold type and asterisks in original) (citations to record omitted).)[2]

---

[2] Our local rules require a party moving for summary judgment to set forth in its supporting brief "a separate statement of material facts as to which the moving

3

Bituminous argues that a recent Nebraska Supreme Court decision, *Dutton-Lainson Co. v. Continental Ins. Co.*, 716 N.W.2d 87 (2006), is dispositive of the issue of law raised by its motion for summary judgment. Two of the liability insurance policies at issue in *Dutton-Lainson* contained pollution exclusion language that is identical to the language in the Bituminous policies. Examining such language, the Nebraska Supreme Court first ruled that "while the burden rests with the insurer to establish the initial applicability of the pollution exclusion by showing the discharge or release of a pollutant into the environment, the burden then shifts to the insured to show that the 'sudden and accidental' exception to that exclusion is applicable." *Id.*, at 96. It then stated that because "the 'sudden and accidental' exception to the pollution exclusion clause is expressed in the conjunctive, both requirements must be met for the exception to become operative." *Id.*, at 97. Finally, construing the term "sudden" as used in the exception to the pollution exclusion, the court concluded that "an event occurring over a period of time is not sudden. . . . [A] reasonable person in the position of the insured would understand the term . . . to refer to the objectively temporally abrupt release of pollutants into the environment." *Id.*, at 97. The court concluded that the policies did not provide coverage for costs incurred by the insured to clean up environmental damage, as demanded by the EPA, because the pollution had occurred over a number of years.[3]

---

party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. . . . <u>Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.</u>" NECivR 56.1(b)(1) (emphasis in original). Neither defendant in this case has responded to Bituminous's statement of material facts.

[3] "Coverage under an insurance policy or contract is generally understood to consist of two separate and distinct obligations: the duty to defend any suit filed against the insured party and the duty to pay, on behalf of the insured, sums for which the insured shall become legally obligated to pay because of injury caused to a third party by acts of the insured." *Peterson v. Ohio Cas. Group*, 724 N.W.2d 765, 773 (Neb. 2006). "Although an insurer is obligated to defend all suits against the insured,

4

Bituminous contends that it has made the required prima facie showing that a pollutant was discharged or released into the environment because the Environmental Protection Agency has identified Aaron Ferer as a "responsible party" that is "liable for costs incurred by the United States in response to releases of hazardous substances at the [Omaha Lead Superfund] Site, and for the implementation of response actions selected by EPA for the Site." (Complaint, Exhibit B.) The defendants argue that Bituminous's showing is insufficient because no final determination has been made by the EPA regarding Aaron Ferer's liability. The defendants' argument misses the mark. Whether Aaron Ferer is, in fact, liable for the release of hazardous substances at the Omaha Lead Superfund Site is immaterial to the issue of whether the pollution exclusion applies to defeat insurance coverage or to relieve Bituminous of any obligation to defend Aaron Ferer against the EPA's claims. Because the defendants have presented no evidence tending to show that the release of hazardous substances at the Site was sudden and accidental, Bituminous is entitled to the entry of summary judgment on its claim and on Aaron Ferer's counterclaim.

While the defendants also argue that the court lacks subject matter jurisdiction to determine whether Bituminous is obligated to defend and indemnify Aaron Ferer against claims made by the EPA for response costs, because thus far the EPA has only issued an interim record of decision for the Omaha Lead Superfund Site, I have already ruled that these issues are ripe for adjudication. *See* Memorandum and Order entered on February 14, 2007 (filing 84).[4] None of the evidence now presented by the defendants causes me to change this ruling.

---

even if groundless, false, or fraudulent, the insurer is not bound to defend a suit based on a claim outside the coverage of the policy." *Id.*, at 774.

[4] I stated that my ruling on the jurisdictional issue was controlled by *Aetna Cas. and Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707 (8th Cir. 1992), in which the Court of Appeals expressly rejected an argument that no declaratory judgment could be rendered regarding liability insurance coverage for hazardous waste cleanup costs until the EPA filed suit against the insured.

For the same reason, I reject Union Pacific's renewed motion for dismissal or for reconsideration. In the February 14, 2007 Memorandum and Order, I granted in part a motion to dismiss that was filed by Union Pacific pursuant to Federal Rule of Civil Procedure 12(b)(1), as I found that no justiciable controversy exists regarding Bituminous's obligation to defend and indemnify Aaron Ferer against a potential contribution claim brought by Union Pacific. I also stated that Union Pacific has no interest in determining whether Bituminous has a duty to defend Aaron Ferer against the EPA's claims. However, I denied Union Pacific's motion for dismissal under Federal Rule of Civil Procedure 21 because it had not disclaimed an interest in determining whether Bituminous must indemnify Aaron Ferer against the EPA's claims. This situation has not changed. In fact, Union Pacific now admits that it "cannot definitively state that it has *no* interest in a cost recovery action" that may be brought by the EPA against Aaron Ferer.[5] (Filing 124, at 2 (emphasis in original).)

IT IS ORDERED that:

1. Plaintiff's motion for summary judgment (filing 42) is granted.

2. Defendant Union Pacific Railroad Company's renewed motion to dismiss or for reconsideration (filing 121) is denied.

3. Final judgment shall be entered by separate document.

July 16, 2007.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[5] Union Pacific takes the position that it has no interest in the lawsuit at the present time because the court is without jurisdiction to determine whether Aaron Ferer has insurance coverage for a potential EPA cost recovery action. The Eighth Circuit's decision in *General Dynamics* fully disposes of this argument.